ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **CONSEJO DE TITULARES CONDOMINIO HARBOR PLAZA**<br>DEMANDANTE(S)- RECURRIDA(S)<br><br>V.<br><br>**HARBOR PLAZA CORP. ET. AL.**<br>DEMANDADA(S)-RECURRIDA(S)<br><br>V.<br><br>**WHEATLAND TUBE, LLC., ET. AL.**<br>TERCERA DEMANDADA(S)-PETICIONARIA(S) | **KLCE202201254** | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm. **SJ2018CV09567 (801)**<br><br>Sobre: Defectos/Prácticas Indeseables de Construcción; Vicios Ocultos; Ruina; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón; la Juez Barresi Ramos; y la Jueza Rivera Pérez

*Barresi Ramos,* juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 30 de noviembre de 2023.

Comparece ante este Tribunal de Apelaciones, **Wheatland Tube, LLC** (**Wheatland**), de manera especial, *sin someterse a la jurisdicción* o competencia, mediante *Petición de Certiorari* instada el 16 de noviembre de 2022. En su escrito, nos solicita que revisemos la *Resolución* decretada el 4 de agosto de 2022 por el Tribunal de Primera Instancia, Sala Superior de San Juan.[1] Mediante la referida determinación judicial, declaró *no ha lugar* la *Moción de Desestimación de la Demanda Contra Tercero (SUMAC #200) al Amparo de las Reglas 10.2(2) y 10.2(5) de Procedimiento Civil* presentada el 6 de julio de 2021 por **Wheatland**.[2]

---

[1] Este dictamen judicial fue notificado y archivado en autos el 4 de agosto de 2022. Véase Apéndice de la *Petición de Certiorari,* págs. 310- 322.
[2] *Íd.*, págs. 229- 255.

Número Identificador:
SEN2023_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 31 de octubre de 2018, el **Consejo de Titulares del Condominio Harbor Plaza** (**Consejo Harbor Plaza**) incoó una *Demanda* sobre defectos y prácticas indeseables de construcción; vicios ocultos; ruina; y daños y perjuicios.[3] En su reclamación judicial, alegó, entre otras cosas, que, para noviembre de 2017, la Junta de Directores del Condominio Harbor Plaza determinó inspeccionar las tuberías del sistema de enfriamiento en todos los apartamentos y encontró ochenta y cuatro (84) filtraciones en diferentes tubos del sistema. Además, hallaron dieciocho (18) abrazaderas mecánicas colocadas para cubrir algunas de las filtraciones que el desarrollador nunca notificó su instalación al Consejo de Titulares ni a la Junta de Directores antes de la transferencia de la administración del condominio. Indicó, además que el costo de reemplazar las tuberías del sistema de enfriamiento se estima en una cuantía no menor de $600,000.00.[4] En la aludida *Demanda*, el **Consejo Harbor Plaza** incluyó como partes codemandadas a *OG Industrial/ Tecnical Services*, entidad que prestó servicios de limpieza y mantenimiento al sistema de enfriamiento *previo* a la transferencia de la administración del condominio; *Universal Protection & Maintenance*, firma que prestó servicios de limpieza y mantenimiento al sistema de enfriamiento *después* de la transferencia de la administración del condominio; *International Chemtex Puerto Rico Inc*, compañía que además de encargarse de la limpieza y/o mantenimiento, también ofreció servicios de monitoreo y/o pruebas mensuales a las torres de enfriamiento, y *Engineered Products Company, Inc.*, empresa que manufacturó, fabricó, ensamblo, soldó, mercadeó y/o distribuyó las piezas, tubos y/o el sistema de torres de enfriamiento. El restante de las entidades o corporaciones fueron incluidas como compañías aseguradoras o fiadoras de nombre desconocido.[5]

---

[3] Véase Apéndice de la *Petición de Certiorari,* págs. 1- 7.
[4] *Id.*, pág. 6.
[5] Las compañías aseguradoras fueron incluidas como nombre desconocido X y Y. Las compañías fiadoras fueron incluidas como E y F. De igual manera, cinco (5) partes

Más adelante, el 8 de abril de 2019, **Harbor Plaza Corp.** presentó una *Contestación a la Demanda* conteniendo sus defensas afirmativas**.**[6] El día 8 de mayo de 2019, **Harbor Plaza Corp.** presentó una *Demanda Contra Terceros* para incluir causas de acción contra: Rexach Builders Corp.; Air Mech, Inc.; y Fidelity and Deposit Company of Maryland.[7]

El 26 de agosto de 2019, International Chemtex Puerto Rico, Inc. presentó su *Contestación a Demanda* conteniendo sus defensas afirmativas.[8] A los pocos días, el 30 de agosto de 2019, **Harbor Plaza Corp.** presentó una *Demanda Contra Copartes* para incluir OG Industrial/Technical Services Inc.; Universal Protection and Maintenance; Engineered Products Company, Inc.; International Chemtex Puerto Rico, Inc.; Compañías Fiadoras de Nombre Desconocidos E y F; y Demandados de Nombre Desconocidos A, B, C, D y E.[9]

Después, el 23 de septiembre de 2019, International Chemtex Puerto Rico, Inc. presentó una *Contestación a Demanda Contra CoPartes y Reconvención Contra CoParte.*[10] El 3 de octubre de 2019, International Chemtex Puerto Rico, Inc. presentó su *Contestación Enmendada a Demanda Contra CoPartes y Reconvención Contra CoParte.*[11] Ese mismo día, **Harbor Plaza Corp.** presentó una *Contestación a Reconvención sobre Demanda Contra CoParte.*[12]

El 7 de octubre de 2019, Air-Mech, Inc. presentó su *Demanda Contra Terceros* para incluir a CIB Corporation.[13] En esa misma fecha, presentó su *Contestación a Demanda Contra Terceros.*[14] También, ese día, Rexach Builders Corp. presentó una *Contestación a Demanda Contra Tercero.*[15]

Posteriormente, el 18 de diciembre de 2019, Air-Mech, Inc. presentó su *Demanda Contra Terceros Enmendada* arguyendo que de demostrarse que

---

codemandadas fueron incluidas con nombres desconocidos A, B, C, D y F. Véase, Apéndice de la *Petición de Certiorari*, págs. 3– 5.
[6] Véase Apéndice de la *Petición de Certiorari,* págs. 8- 24.
[7] *Íd.*, pág. 25- 31.
[8] *Íd.*, págs. 32- 39.
[9] *Íd.*, págs. 40- 45.
[10] *Íd.*, págs. 46- 57.
[11] *Íd.*, págs. 58- 70.
[12] *Íd.*, págs. 71- 89.
[13] *Íd.*, págs. 90- 94.
[14] *Íd.*, págs. 95- 101.
[15] *Íd.*, págs. 102- 120.

en efecto los tubos utilizados en la construcción e instalación del sistema de enfriamiento no son de la más alta calidad o su calidad es la razón de los daños presuntamente sufridos son CIB Corporation y **Wheatland** quienes responden directamente a la parte demandante por los daños que puedan probar.[16]

Más tarde, el 21 de enero de 2020, International Chemtex Puerto Rico, Inc. presentó una *Contestación Enmendada a Demanda.[17]* A los pocos meses, el 15 de julio de 2020, **Consejo Harbor Plaza** presentó *Moción para Solicitar Autorización para Enmendar Demanda.*[18]

El 27 de agosto de 2020, **Consejo Harbor Plaza** presentó una *Primera Demanda Enmendada.*[19] En el inciso 13 expresó: "[p]or información y creencia **Wheatland** Tube con dirección 700 South Dock Street, Sharon, PA 16146 es la entidad que manufacturó los tubos utilizados en el sistema de enfriamiento del Condominio Habor Plaza, los vendió a CIB Corporation, y esta se los vende a su vez a Air Mech". Por otro lado, en el inciso 28 argumentó: "[l]os codemandados de nombre desconocido B y F, Rexach Construction, Engineered Products Company, Inc., Air Mech, CIB Corporation y **Wheatland** Tube Inc., fueron quienes fabricaron, manufacturaron, instalaron y mercadearon el referido sistema de enfriamiento, y/o sus componentes; quienes faltaron a su deber de ejercer un grado razonable de cuidado en la fabricación, selección de materiales, soldadura, manufactura, y mercadeo del sistema, y fallaron en tomar todas las medidas y control de calidad necesarios para evitar situaciones y faltas en el sistema como las aquí detalladas". **Cabe señalar que en dicho documento las partes codemandadas A, B, C, D, E y F seguían siendo entidades o compañías de nombre desconocido**.[20]

Ese mismo día, el foro de instancia dictó *Resolución* enunciando:

El Tribunal Supremo ha [resuelto] que al momento de evaluar una solicitud al amparo de la Regla 13.1 de Procedimiento Civil el foro de instancia tiene discreción para aceptar o negar las alegaciones enmendadas. De hecho, el principio que debe regir es de ejercer liberalidad para concederlas; luego de [sic] pasar

---

[16] Véase Apéndice de la *Petición de Certiorari,* págs. 121- 125.
[17] *Íd.*, págs. 126- 134.
[18] Véase Entrada núm. 129 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[19] Véase Apéndice de la *Petición de Certiorari,* págs. 135- 142.
[20] *Id.*, págs. 136– 139.

juicio sobre los [siguientes] elementos: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte; y (4) la procedencia de la enmienda solicitada. SLG Sierra v. Rodríguez, 163 DPR 738 (2005); Epifanio Vidal Inc., v. Suro, 103 DPR 793 (1976). Sobre los mismos, también ha sido enfático en que el paso del tiempo por [sí] solo no es una razón para no permitir las enmiendas… [a]tendidas las posiciones de las partes a la luz del trámite procesal y etapa del caso en que se encuentra, se autoriza la radicación de la Primera Demanda Enmendada. A tales fines, deberá radicarse como documento independiente en el expediente […].[21]

Así las cosas, el 31 de agosto de 2020, Air-Mech, Inc. presentó una *Moción Solicitando Término Adicional para Emplazar al Tercero Demandado,* **Wheatland** *Tube o en la Alternativa sobre Desistimiento Sin Perjuicio.*[22] En dicho escrito, expuso que por razones atribuibles a la pandemia no había podido emplazar a **Wheatland**; había realizado gestiones con emplazadores en el área de Pennsylvania pero sus esfuerzos no habían resultado en lograr el diligenciamiento personal; y solicitó un término adicional de treinta (30) días o en la alternativa, se permitiera el desistimiento sin perjuicio. Al mismo tiempo, el foro primario dictaminó *Sentencia Parcial* disponiendo en lo pertinente: "examinada la moción radicada se tiene a Air–Mech Inc. como desistida sin perjuicio de su causa de acción contra **Wheatland** Tube exclusivamente".[23]

El 16 de septiembre de 2020, **Harbor Plaza Corp.** presentó una *Contestación a Primera Demanda Enmendada.*[24] A los pocos días, el 21 de septiembre de 2020, International Chemtex Puerto Rico, Inc. presentó una *Contestación a Primera Demanda Enmendada.*[25]

Por su parte, el 24 de septiembre de 2020, Rexach Builders Corp. presentó su *Demanda Contra Copartes* para incluir causas de acción contra: Air Mech; y CIB Corporation.[26] Días después, el 28 de octubre de 2020, CIB Corporation presentó una *Contestación a Demanda Contra Copartes Presentada por Rexach Builders Corp Contra CIB Corporation.*[27] El 30 de

---

[21] Véase Entrada núm. 152 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[22] Véase Apéndice de la *Petición de Certiorari*, págs. 143- 144.
[23] Dicha determinación judicial fue notificada y archivada en autos el 1 de septiembre de 2020. *Íd.* págs. 145- 146.
[24] *Íd.*, págs. 147- 168.
[25] *Íd.*, págs. 169- 178.
[26] *Íd.*, págs. 179- 186.
[27] *Íd.*, págs. 187- 192.

octubre de 2020, CIB Corporation presentó su *Contestación a Demanda Contra Terceros Presentada por Air-Mech Inc Contra CIB Corporation.*[28]

El 16 de noviembre de 2020, Air-Mech, Inc. presentó una *Contestación a Demanda Contra Copartes.*[29] El 30 de noviembre de 2020, CIB Corporation presentó una *Contestación a Primera Demanda Enmendada.*[30]

Al tiempo, el 30 de diciembre de 2020, CIB Corporation presentó su *Demanda Contra Tercero de CIB Corporation Contra Wheatland Tube,* alegando, entre otras cosas, que **Wheatland** colocó en el mercado unos productos defectuosos, instalados en el sistema de enfriamiento del Condominio, que deben ser reemplazados, por las fallas que se alegan en la Demanda; y una *Demanda Contra Tercero de CIB Corporation Contra Universal Insurance Company.*[31]

Luego de varios incidentes procesales, el 6 de julio de 2021, **Wheatland**, *de manera especial, sin someterse a la jurisdicción o competencia del tribunal y sin renunciar a defensa alguna*, presentó la *Moción de Desestimación de la Demanda Contra Tercero (SUMAC #200) al Amparo de las Reglas 10.2(2) y 10.2(5) de Procedimiento Civil.*[32] En esencia, **Wheatland** adujo que es una compañía de responsabilidad limitada organizada al amparo de las leyes del estado de Pennsylvania y con oficina principal en el estado de Illinois, Estados Unidos. Añadió que no posee contactos continuos ni sistemáticos con Puerto Rico, por lo que, no está sujeta a la jurisdicción general de los tribunales en Puerto Rico. También, argumentó que el **Consejo Harbor Plaza** no emplazó mediante edictos a las partes codemandadas desconocidas, por tanto, después de haber expirado el término de ciento veinte (120) días, procedía que el foro primario desestimara la *Demanda* en cuanto a ellos se refiere. **Wheatland** aseguró que no se interrumpió el plazo de un (1) año para entablar una reclamación judicial en su contra.

---

[28] Véase Apéndice de la *Petición de Certiorari*, págs. 193- 197.
[29] *Íd.*, págs. 198- 205.
[30] *Íd.*, págs. 206- 215.
[31] *Íd.*, págs. 216- 221 y 222- 228.
[32] *Íd.*, págs. 229– 255.

El 2 de agosto de 2021, CIB Corporation presentó una *Moción de Oposición a Moción de Desestimación de Demanda Contra Tercero Dirigida Hacia Wheatland Tube.*[33] Tres (3) días después, el 5 de agosto de 2021, **Wheatland** presentó una *Moción Informando Intención de Replicar a Oposición a Moción de Desestimación de Demanda Contra Tercero (SUMAC #259).*[34] El mismo día, **Consejo Harbor Plaza** presentó su *Moción Uniéndonos a la Oposición a Solicitud de Desestimación de CIB Corp.*[35]

De este modo, el 23 de agosto de 2021, **Wheatland** presentó una *Réplica a Moción de Oposición a Moción de Desestimación de Demanda Contra Tercero Dirigida Hacia Wheatland Tube.*[36] Mas tarde, el 7 de septiembre de 2021, **Wheatland** presentó una *Réplica a Moción Uniéndose a la Oposición a Solicitud de Desestimación de CIB Corp, Presentada por el Consejo.*[37]

Así las cosas, el 4 de agosto de 2022, se determinó la *Resolución* impugnada. El 19 de agosto de 2022, **Wheatland** presentó una *Moción de Reconsideración de Resolución (SUMAC #300)* aduciendo que la mera presencia de sus productos en el mercado de Puerto Rico no satisface el estándar requerido para implicar la existencia de contactos mínimos.[38] El 11 de octubre de 2022, CIB Corporation presentó una *Oposición a Moción de Reconsideración de Resolución (Entrada 315).*[39] Ulteriormente, el 17 de octubre de 2022, el foro *a quo* determinó no ha lugar a la *Moción de Reconsideración de Resolución.*[40]

Insatisfecha, el 26 de noviembre de 2022, **Wheatland**, *de manera especial, sin someterse a la jurisdicción o competencia del tribunal y sin renunciar a defensa alguna*, instó ante nos una *Petición de Certiorari*. En su recurso, señala el(los) siguiente(s) error(es):

Erró el TPI en su *Resolución* del 4 de agosto de 2022 al determinar que, ante la notificación oportuna del emplazamiento de la

---

[33] Véase Apéndice de la *Petición de Certiorari*, págs. 256- 269.
[34] *Íd.*, págs. 270- 271.
[35] *Íd.*, págs. 272- 280.
[36] *Íd.*, págs. 283- 297.
[37] *Íd.*, págs. 298- 309.
[38] *Íd.*, págs. 323- 337.
[39] *Íd.*, págs. 338- 346.
[40] Este pronunciamiento judicial fue notificado y archivado en autos el 17 de octubre de 2022. *Íd.*, págs. 347- 349.

*Demanda Contra Tercero* por parte CIB, la acción principal del caso de epígrafe no está prescrita respecto a Wheatland Tube.

Erró el TPI al no concluir en la *Resolución* del 4 de agosto de 2022 que es improcedente la teoría de daños continuos del Consejo y CIB.

Erró el TPI al no determinar en la *Resolución* del 4 de agosto de 2022 que no se configuran los requisitos de jurisdicción general ni jurisdicción específica, incluyendo los factores de Gestalt, para tener jurisdicción sobre la persona de Wheatland Tube, por lo que procede desestimar la *Demanda Contra Tercero*.

El 18 de noviembre de 2022, decretamos *Resolución* en la cual, entre otras cosas, concedimos un plazo perentorio de diez (10) días para mostrar causa por la cual no debamos expedir el auto de *certiorari* y revocar el dictamen impugnado.

El 1 de diciembre de 2022, CIB Corporation presentó su *Moción en Cumplimiento de lo Ordenado y en Oposición a la Expedición del Recurso de Certiorari*. Ese mismo día, **Harbor Plaza Corp.** presentó *Moción en Cumplimiento de Orden y Oposición a Expedición de Auto de Certiorari*; e International Chemtex Puerto Rico, Inc. presentó su *Moción en Cumplimiento de Resolución* uniéndose a las oposiciones. Consecuentemente, el 8 de diciembre de 2022, **Consejo Harbor Plaza** presentó su *Memorando en Oposición a la Expedición del Auto de Certiorari,* en síntesis, argumentó que **Wheatland** vende sus productos en Puerto Rico, y mantiene relaciones comerciales con múltiples distribuidores y suplidores que forman parte de su mercado, por lo que, obtiene beneficio económico por ganancia en las ventas.[41]

El 12 de diciembre de 2022, **Wheatland** presentó su *Oposición a Mociones [de CIB, Harbor Plaza e International Chemtex] en Cumplimiento de Resolución de Mostrar Causa, y Solicitud de Vista Oral Conforme a la Regla 80(A) del Reglamento de este Honorable Tribunal*. En resumen, planteó que el litigio lleva más de cuatro (4) años y se encuentra en una fase avanzada de los procedimientos, y, de denegarse la expedición, causaría que **Wheatland** se enfrente al pleito de manera desventajada.

---

[41] Véase: *Memorando en Oposición a la Expedición del Auto de Certiorari*, pág. 16.

Así pues, el 16 de febrero de 2023, **Consejo Harbor Plaza** presentó *Moción Informativa y en Solicitud de Desglose*, mediante la cual indicó que la mencionada moción en oposición presentada por **Wheatland**, no les fue notificada.

El 23 de febrero de 2023, **Wheatland** presentó su *Oposición a Moción Informativa y en Solicitud de Desglose*. Arguyó que el mismo 12 de diciembre de 2022, notificó oportunamente a todas las partes mediante sus respectivas representaciones legales.

El 27 de febrero de 2023, este tribunal revisor emitió *Resolución* concediéndole a **Wheatland** y a **Harbor Plaza Corp.** el término de diez (10) días para exponer sus posiciones sobre la solicitud de desglose presentada por **Consejo Harbor Plaza**. Al día siguiente, el 28 de febrero de 2023, este foro apelativo declaró no ha lugar a la solicitud de desglose presentada por **Consejo Harbor Plaza** y se apercibió a las partes sobre el cumplimiento de la Regla 68 del Reglamento del Tribunal de Apelaciones.

Posteriormente, el 27 de marzo de 2023, **Wheatland** presentó *Moción de Orden Provisional en Auxilio de Jurisdicción*, señalando que está siendo forzada a participar afirmativa o activamente en los procedimientos, incluyendo descubrimiento de prueba, ante el foro primario y ello, atenta contra sus defensas y planteamientos esbozados. El 29 de marzo de 2023, intimamos *Resolución* en la cual se declaró *ha lugar* la solicitud de auxilio de jurisdicción y ordenó la paralización de los procedimientos.

Ante ello, el 4 de abril de 2023, **Consejo Harbor Plaza** presentó *Solicitud de Reconsideración a la Paralización de los Procedimientos en Auxilio de Jurisdicción* solicitando que se levante la paralización de los procedimientos para que continué con el descubrimiento de prueba. El día 18 de abril de 2023, se determinó *no ha lugar* a la solicitud de reconsideración.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de todas las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

**- II -**

**- A -**

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[42] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[43]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[44] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[45]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[46] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[47]

En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[48]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del

---

[42] *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65; 211 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46; 211 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[43] *Íd.*
[44] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[45] *Íd.*
[46] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez*, *supra*; *McNeil Healthcare v. Mun. Las Piedras I*, *supra*; *Scotiabank v. ZAF Corp et al.*, 202 DPR 478 (2019).
[47] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[48] 4 LPRA Ap. XXII-B; *IG Builders v. BBVAPR*, 185 DPR 307, 339-340 (2012).

Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[49]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[50] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B)     Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C)     Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.;
> (D)     Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E)     Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F)     Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[51]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[52] Esto es, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[53] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[54] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación

---

[49] 4 LPRA Ap. XXII-B, R. 40. *McNeil Healthcare v. Mun. Las Piedras I*, *supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[50] *McNeil Healthcare v. Mun. Las Piedras I*, *supra*, pág. 404; *800 Ponce de León v. AIG*, *supra*.
[51] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez*, *supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[52] *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005).
[53] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).
[54] *Feliberty v. Soc. de Gananciales,* 147 DPR 834, 837 (1999).

que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[55]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[56] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[57]

**- B -**

La Regla 10.2 de las de Procedimiento Civil de 2009 instituye que las defensas de hecho o de derecho contra una reclamación deben presentarse antes de una alegación responsiva. Una moción de desestimación bajo la precitada regla es aquella que presenta la parte demandada previo a contestar la demanda solicitando que se desestime la causa de acción presentada en su contra.[58]

Dicha Regla dispone como fundamentos para la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; o (6) dejar de acumular una parte indispensable.[59]

La falta de jurisdicción constituye "una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas".[60]

El estándar adjudicativo al evaluar una moción de desestimación exige que los tribunales tomen como ciertos "todos los hechos bien alegados de la demanda y que hayan sido aseverados de manera clara y concluyente". [61] La

---

[55] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. de Caguas v. JRO Construction, supra.*
[56] *García Rubiera v. Asociación,* 165 DPR 311, 322 (2005).
[57] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[58] Véase: Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, Lexis Nexis, (2017)., págs. 305– 306.
[59] 32 LPRA Ap. V, R. 10.2.
[60] *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 539 (2019).
[61] *González Méndez v. Acción Social et al.*, 196 DPR 213 (2016).

obligación de tomar como ciertos únicamente los hechos bien alegados de la demanda supone excluir del análisis las conclusiones de derecho o las alegaciones redactadas de tal forma que su contenido resulte hipotético.[62]

Como parte de este estándar adjudicativo, los tribunales están llamados a interpretar las alegaciones de la demanda conjuntamente y de forma liberal a favor de la parte demandante, resolviendo toda duda a su favor y concediendo el beneficio de cuanta inferencia sea posible hacer de los hechos bien alegados en la demanda.[63] Ante ello, "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".[64] Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Así, si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones con el descubrimiento de prueba.[65]

De esta forma, solo procederá una moción de desestimación cuando la parte demandante no demuestre tener derecho a remedio alguno bajo cualesquiera hechos y estado de derecho que pudiera probar en un juicio.[66] Esto es, no "procede la desestimación, si la demanda es susceptible de ser enmendada".[67]

**- C -**

La Regla 15.4 de las de Procedimiento Civil de 2009 permite que se pueda demandar a una persona **cuyo nombre se desconoce** designándole en la demanda con un nombre ficticio. En lo pertinente establece:

---

[62] José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. JTS, 2011, T. II, págs. 529 (citado en *Asociación Puertorriqueña de Importadores de Cerveza, Inc. v. ELA,* 171 DPR 140, 149 (2007) (Rebollo López, opinión de conformidad)).
[63] *González Méndez v. Acción Social et al., supra,* pág. 234.
[64] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008).
[65] Véase: Rafael Hernández Colón, *Derecho Procesal Civil,* 5ta ed., San Juan, LexisNexis, 2010, pág. 268.
[66] *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil,* 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. *Ortiz Matías v. Mora Development Corp.,* 187 DPR 649 (2013).
[67] *Ortiz Matías v. Mora Development Corp., supra.*

Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda exponiendo la reclamación específica que alega tener contra dicha parte demandada. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento.[68]

Esencialmente, esta norma busca suplir las garantías de los **términos prescriptivos** en los momentos en que, a pesar de la debida diligencia y de conocer la identidad de la parte demandada, se desconoce su nombre correcto.[69] Esto es así, pues la ignorancia del verdadero nombre de la parte demandada debe ser real y legítima, no falsa ni espuria.[70] De ahí que se requiere una alegación afirmativa de que se desconoce el nombre de la parte demandada que se intenta incluir.[71]

En armonía con lo antes discutido, la Regla 15.4 de las de Procedimiento Civil de 2009 instaura que en caso de que la parte demandante desconozca el verdadero nombre de la parte demandada, es permitido que este último sea designado en la demanda con un nombre ficticio, enmendándose posteriormente la alegación, para designarle con su verdadero nombre en el momento que se tenga conocimiento de este. Una vez enmendado el nombre, está se retrotrae a la fecha de la demanda original.[72]

La *prescripción* es una institución que extingue el derecho a ejercitar una causa de acción cuando la parte legitimada deja de hacerlo dentro del término determinado por ley.[73] Sobre ese particular, el Artículo 1861 del Código Civil de 1930 dispone lo siguiente: "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley".[74]

Un término prescriptivo puede interrumpirse de tres (3) maneras: mediante la correspondiente acción judicial; mediante reclamación

---

[68] 32 LPRA Ap. V, R. 15.4.
[69] *Núñez González v. Jiménez Miranda*, 122 DPR 134, 139 (1988).
[70] *Padín v. Cia. Fom. Ind.*, 150 DPR 403, 417 (2000).
[71] *Ortiz Díaz v. R&R Motors Sales Corp.*, 131 DPR 829, 836 (1992); *Ortiz v. Gobierno Municipal de Ponce*, 94 DPR 472 (1967).
[72] *Núñez González v. Jiménez Miranda, supra*, págs. 142-143 (1988); *Fuentes v. Tribl. de Distrito*, 73 DPR 959, 986-987 (1952).
[73] *Rivera Ruiz el al. v. Mun. de Ponce et al.,* 196 DPR 410, 415 (2016); *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 372-373 (2012).
[74] 31 LPRA § 5291.

extrajudicial; y por el reconocimiento de la deuda por parte del deudor.[75] "Una vez se interrumpe la *prescripción*, el término prescriptivo comienza a transcurrir nuevamente".[76]

De tal forma que, una vez se agota un término prescriptivo se extingue el derecho a ejercer la causa de acción y la persona sujeta a responder queda exonerada.[77] La eficacia de esta figura jurídica es automática y se produce *ipso iure* con el transcurso del tiempo fijado por ley, a menos que se realcen los actos interruptores dispuestos en el Código Civil.[78]

Cuando existen dos o más cocausantes de un daño, todos responden de forma solidaria ante la persona perjudicada.[79] En estos casos, "la presentación oportuna de una demanda contra un presunto cocausante no interrumpe el término prescriptivo contra el resto de los alegados cocausantes […]".[80] Por tanto, cuando existen cocausantes de un daño, el perjudicado "deberá interrumpir la prescripción en relación con cada cocausante por separado, dentro del término de un año establecido por el Art. 1868 del Código Civil, si interesa conservar su causa de acción contra cada uno de ellos".[81]

De forma similar, "[u]n cocausante demandado no puede traer al pleito mediante demanda contra tercero a un presunto cocausante solidario con respecto a quien la causa de acción del perjudicado prescribió".[82] "Prescrita a su favor la causa de acción, ese alegado cocausante no está sujeto a responderle al perjudicado ni tampoco, mediante una acción de nivelación, a los cocausantes demandados".[83] En estos casos, "[s]i después de celebrado el juicio el tribunal concluyera que el presunto cocausante que no fue demandado a tiempo en efecto contribuyó a producir el daño, el por ciento de responsabilidad que se le atribuya se descontará de la indemnización del perjudicado".[84]

---

[75] Artículo 1873 del Código Civil de PR de 1930, 31 LPRA ant. sec. 5303.
[76] *Maldonado Rivera v. Suárez y otros,* 195 DPR 182, 193 (2016)
[77] *Maldonado Rivera v. Suárez y otros*, *supra.*
[78] Artículo 1197 del Código Civil de 2020, 31 LPRA sec. 9489; *Santos de García v. Banco Popular*, *supra*, pág. 766.
[79] *Cubano v. Jiménez,* 32 DPR 167, 170 (1923).
[80] *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra*, pág. 389.
[81] *Id.,* pág. 389 (citas omitidas).
[82] *Maldonado Rivera v. Suárez y otros, supra,* pág. 211.
[83] *Id.*
[84] *Id.,* pág. 212.

**- D -**

En consonancia, la *jurisdicción* sobre la persona es "[e]l poder del tribunal para sujetar a una parte a su decisión".[85] Un tribunal adquiere *jurisdicción* sobre la persona de la parte demandada de dos (2) maneras: mediante el uso adecuado de las normas procesales de emplazamiento provistas en las Reglas de Procedimiento Civil de 2009 y, mediante la sumisión voluntaria de la parte demandada a la *jurisdicción* del tribunal, lo que puede ser de forma explícita o tácita.[86] De modo que, la Regla 10.8(a) de las de Procedimiento Civil de 2009 prescribe que la defensa de falta de *jurisdicción* sobre la persona se entenderá renunciada: (1) si no se incluye en una moción de acumulación de defensas conforme a la Regla 10.7 de las de Procedimiento Civil de 2009; o (2) si no se formula mediante una moción de desestimación ni se incluye en una alegación responsiva o mediante una enmienda que no requiera la autorización del tribunal a tenor con lo dispuesto por la Regla 13.1 de las de Procedimiento Civil de 2009.[87]

De tal forma, la falta de *jurisdicción* sobre la persona es una defensa afirmativa a la cual se puede renunciar expresa o tácitamente.[88] Al respecto, el Máximo Foro ha manifestado que aquella parte que comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito, se somete a la *jurisdicción* del tribunal.[89]

En ese sentido, entre los actos sustanciales se encuentra: (1) presentar alegaciones sin plantear la falta de *jurisdicción* sobre la persona; y (2) cumplir voluntariamente con las órdenes del tribunal.[90] En estos casos, la comparecencia suple la omisión del emplazamiento y es suficiente para que el tribunal adquiera *jurisdicción*.[91]

Así pues, la defensa de falta de *jurisdicción* sobre la persona es renunciable. Se trata de una defensa que debe tramitarse según dispone la

---

[85] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012), citando a Rafael Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, Lexisnexis, 2010, pág. 40.
[86] *Cirino González v. Adm. de Corrección, et al.*, 190 DPR 14, 29 (2014).
[87] 32 LPRA Ap. V, R. 10.8(a).
[88] *Trans-Oceanic Life Ins. v. Oracle Corp.*, *supra*, pág. 702; *Márquez v. Barreto*, 143 DPR 137, 143 (1997).
[89] *Cirino González v. Adm. Corrección, et al.*, *supra*, pág. 37.
[90] *Vázquez v. López*, 160 DPR 714, 721 (2003); *Qume Caribe, Inc. v. Srio. de Hacienda*, 153 DPR 700, 711 (2001).
[91] *Cancel Rivera v. González Ruiz*, 200 DPR 319, 330 (2018).

Regla 10.2 de las de Procedimiento Civil de 2009, por lo que, hay que presentar la alegación de falta de *jurisdicción* "en la primera oportunidad y no deben presentarse otras mociones y otras alegaciones, ya que implicaría una renuncia a los efectos del emplazamiento.[92] Una moción posterior levantando esos defectos sería tardía y no prosperaría".[93]

**- III -**

Acorde con lo expuesto, la Regla 52.1 de las de Procedimiento Civil de 2009 nos permite expedir el auto solicitado cuando se recurre de una resolución u orden bajo remedios provisionales de las Reglas 56 y 57 de las de Procedimiento Civil de 2009 o de la denegatoria de una moción de carácter dispositivo. Esta última de las instancias, es precisamente el tipo de determinación de la que se recurre en el presente recurso. Por ello, estamos ante una determinación sobre la cual podemos expedir el auto de *certiorari*.

En el caso de autos, **Wheatland**, en síntesis, señaló que el foro primario erró: (1) al determinar que ante la notificación oportuna del emplazamiento de la demanda contra tercero instada por CIB Corporation la acción principal no está prescrita en su contra; (2) al no concluir que es improcedente la teoría de daños continuos; y (3) al no determinar que no se configuran los requisitos de jurisdicción general ni jurisdicción específica, incluyendo los factores de Gestalt, para tener jurisdicción sobre la persona de **Wheatland**.

En este caso, el **31 de octubre de 2018**, se entabló la *Demanda* sobre defectos y prácticas indeseables de construcción; vicios ocultos; ruina; y daños y perjuicios por unas alegadas filtraciones en el sistema de enfriamiento del condominio que incluyó: *OG Industrial/ Tecnical Services*; *Universal Protection & Maintenance*; *International Chemtex Puerto Rico Inc*; *Engineered Products Company, Inc.*, y otras compañías aseguradoras o fiadoras de nombres desconocidos.[94] Al año siguiente, en **diciembre de 2019**, Air Mech,

---

[92] 32 LPRA Ap. V, R. 10.2.
[93] *Cirino González v. Adm. Corrección, et al.*, *supra*, pág. 36.
[94] En **noviembre de 2017**, luego de una inspección de las tuberías del sistema de enfriamiento de los apartamentos, la Junta de Directores del Condominio Harbor Plaza advino en conocimiento de las filtraciones. A partir de esta fecha, comenzó el término prescriptivo.

Inc. instó *Demanda Contra Terceros Enmendada* para incluir daños sufridos por causa de **Wheatland.**

Después, el **27 de agosto de 2020**, **Consejo Harbor Plaza** presentó una *Primera Demanda Enmendada.* El inciso 13 expresó: "[p]or información y creencia **Wheatland** Tube con dirección 700 South Dock Street, Sharon, PA 16146 es la entidad que manufacturó los tubos utilizados en el sistema de enfriamiento del Condominio Habor Plaza, los vendió a CIB Corporation, y esta se los vende a su vez a Air Mech". En el aludido escrito, **reiteró las demás alegaciones dirigidas a las partes; aseguradoras o fiadoras de nombres desconocidos contenidas en la *Demanda*.**[95] En diciembre de 2020, CIB Corporation presentó su *Demanda Contra Tercero de CIB Corporation Contra Wheatland Tube.*

En conformidad con la teoría cognoscitiva del daño, el término prescriptivo de un (1) año contemplado en el Artículo 1868 del Código Civil de 1930 comienza de discurrir cuando el perjudicado conoce o debió conocer que sufrió un daño; quien lo ocasionó, así como los elementos necesarios para ejercitar su causa de acción.[96] Ahora bien, la jurisprudencia ha pronunciado que cuando haya varios cocausantes, se deberá interrumpir para cada uno por separado (obligación *in solidum*) y un demandado no puede traer al pleito mediante demanda contra tercero a un presunto cocausante solidario con respecto a quien la causa de acción del perjudicado prescribió.

Por tanto, analizado los distintos reclamos, podemos colegir que con las enmiendas se incluyó a **Wheatland** como una nueva parte a destiempo ello sin una debida sustitución de parte. Esto es, a tenor con la Regla 15.4 de las de Procedimiento Civil de 2009, al momento de advenir en conocimiento de la existencia de **Wheatland** se debió haber sustituido o enmendado para designar con el verdadero nombre una de las partes de nombre desconocido lo cual hubiese permitido retrotraer la enmienda a la fecha de la demanda o reclamación original. El Alto Foro ha concluido que "si con la enmienda se intenta añadir un nuevo demandante o demandado, el momento que

---

[95] No se efectuó sustitución de parte.
[96] Desde **noviembre de 2017**, la Junta de Directores del Condominio Harbor Plaza conoce sobre las filtraciones del sistema de enfriamiento del edificio.

determina el término prescriptivo es cuándo se incluye el nuevo demandante o demandado por primera vez en la demanda".[97] En consecuencia, **no** se interrumpió el término prescriptivo de un (1) año contra **Wheatland.** Al transcurrir el periodo de tiempo establecido por la ley sin reclamo alguno por parte del titular del derecho, se origina una presunción legal de abandono y se extinguió el término prescriptivo de un (1) año para ejercer la causa de acción contra **Wheatland**.[98] Por tanto, procede la desestimación de la *Demanda contra Tercero* entablado el 30 de diciembre de 2020 por CIB Corporation.

Ante ello, entendemos que no procede la discusión de los otros dos (2) señalamientos de error.

**- IV -**

Por los fundamentos antes expuestos, ***expedimos*** el auto de *certiorari*; en consecuencia, se ***revoca*** la *Resolución* intimada el 4 de agosto de 2022; se ***desestima***, con perjuicio, la *Demanda contra Tercero,* así como cualquier otra reclamación contra **Wheatland;** y se ordena la continuación de los procedimientos cónsono con lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[97] Ortiz Díaz v. R & R Motors Sales Corp., 131 DPR 829, 837- 838 (1992).
[98] *Fraguada Bonilla v. Hosp. Aux. Mutuo*, *supra*, citando a *Zambrana Maldonado v. ELA*, 129 DPR 740, 752 (1992).